# EXHIBIT A

17CV000360
Napa - Civil

Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
11835 W. Olympic Blvd. Ste. 1275
Los Angeles, CA 90064
Tel (310) 312-6800
Fax (310) 943-2582
greg@karasiklawfirm.com

Emil Davtyan (SBN 299363)
**Davtyan Professional Law Corporation**
21900 Burbank Blvd., Suite 300
Woodland Hills, CA 91367
Tel (818) 992-2935
Fax (818) 975-5525
emil@davtyanlaw.com

Attorneys for Plaintiff
LUIS A. DE LAROSA

FILED
4/3/2017 10:32:38 AM
Clerk of the Napa Superior Court
By: Julie Oliver, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF NAPA

| | |
|---|---|
| LUIS A. DE LAROSA, individually and on behalf of other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THE COCA COLA COMPANY; and DOES 1 through 10. <br><br> Defendants. | Case No. 17CV000360 <br><br> **CLASS ACTION** <br><br> **COMPLAINT** <br><br> 1. Failure to Pay Minimum Wages <br> 2. Failure to Pay Overtime Wages <br> 3. Failure to Provide Second Meal Periods <br> 4. Failure to Provide Third Rest Periods <br> 5. Unfair Competition <br> 6. Failure to Provide Accurate Wage Statements <br> 7. Failure to Pay All Wages Owed Upon Termination <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Luis A. De Larosa ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1. This class action lawsuit arises out of the failure of defendant The Coca Cola Company ("Defendant") to pay all wages owed to non-exempt distribution center employees and the failure of Defendant to provide non-exempt distribution center employees with all legally required meal periods

1
COMPLAINT

and rest periods. Non-exempt distribution center employees of Defendant were not paid for all the hours they worked because the electronic system used for calculating their hours worked did not compute the number of hours they worked in accordance with the actual times they punched in or out. Instead, the electronic system computed a total number of hours worked in rounded, quarter hour increments that, in the aggregate, were less than the actual number of hours worked as reflected by punch in and punch out times. By using and/or relying on an electronic rounding system that did not result in non-exempt employees being compensated for all hours actually worked, Defendant failed to pay them minimum wages and/or overtime wages for all hours worked in violation of Labor Code Section 1197 and/or 510. In addition, when non-exempt distribution center employees worked more than 10 hours in a workday, Defendant did not provide them with a second meal period or third rest period and Defendant, in violation of Labor Code Section 226.7, did not pay them premium wages when meal periods or rest periods were not provided. Defendant's violations of the Labor Code constitute unfair competition. Defendant's failure to pay non-exempt distribution center employees for all their hours worked or premium wages when meal or rest periods were not provided also resulted in Defendant failing to provide non-exempt distribution center employees with accurate wage statements and failing to provide terminated non-exempt employees all the wages owed to them upon termination in violation of Labor Code Section 201 or 202. On behalf of himself and similarly situated employees of Defendant, Plaintiff seeks damages under the Labor Code and/or restitution under Business and Professions Code Section 17203 for unpaid wages, civil penalties under Labor Code Section 226 and penalty wages under Labor Code Section 203.

2. Plaintiff is a member of and seeks to be the class representative for the Minimum Wages Class, Overtime Wages Class, Meal and Rest Period Class, Restitution Class, Wage Statement Class and the Final Wages Class (collectively the "Class") defined in paragraph 11 below.

3. Plaintiff seeks to recover unpaid wages, liquidated damages, restitution, civil penalties and statutory penalties to which Plaintiff and other class members are entitled under the Labor Code and/or Business and Professions Code Section 17203.

**JURISDICTION AND VENUE**

4. Venue is proper in this Judicial district and the County of Napa because work was

2
COMPLAINT

performed by class members in the County of Napa and Defendant's legal obligations to class members under California law arose and were breached in the County of Napa.

5. The California Superior Court has jurisdiction in this matter because Plaintiff is a resident of California, Defendant is qualified to do business in California, and Defendant regularly conducts business in California. Further, there is no federal question at issue as the claims herein are based solely on California law.

## THE PARTIES

### Plaintiff

6. Plaintiff is a resident of California. From approximately September 2008 until approximately May 2016, Plaintiff worked as a non-exempt employee for Defendant at its distribution center in American Canyon, California. During his employment, Plaintiff was not paid for all the hours he worked because the electronic system used by Defendant to calculate the compensation owed to Plaintiff did not compute the number of hours for which Plaintiff was entitled to compensation based on his actual clock in or clock out times. Instead, the system computed the number of hours worked for which Plaintiff was paid wages based on rounded quarter hour increments. Over the course of his employment, Defendant paying Plaintiff wages based on rounded, quarter hour increments instead of actual clock in and clock out times resulted in Defendant paying Plaintiff wages for less time than he actually worked. During his employment, Plaintiff frequently worked shifts of more than 10 hours. When Plaintiff worked a shift of more than 10 hours, Defendant typically did not provide him with a second meal period or a third rest period and Defendant did not pay him premium wages when a required meal or rest period was not provided. Plaintiff's employment with Defendant ended in May 2016. Because Plaintiff was not paid all the wages owed to him during his employment, Plaintiff was not paid all the wages owed to him upon termination. To date, Defendant has not paid Plaintiff any of the wages still owed to him or any of the penalty wages owed to Plaintiff under Labor Code Section 203 for failing to pay him all wages owed upon termination.

7. The members of the Class are identifiable, similarly situated persons who are residents of California who worked as a non-exempt employee for Defendant at a distribution center in California.

3
COMPLAINT

Defendants

8. Defendant is a corporation organized under the laws of the state of Delaware. Defendant maintains its principal place of business in the city of Atlanta, Georgia. Defendant is engaged in the business of producing, distributing and selling beverage products and operates distribution centers at various locations in California. At all times relevant to this action, Defendant was the employer of Plaintiff and other members of the Class.

9. Plaintiff is ignorant of the true names, capacity, relationship and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but is informed and believes and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sue these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

10. Plaintiff is informed and believes and thereon alleges that each defendant acted in all respects pertinent to this action as the agent of the other defendants and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each defendant are legally attributable to the other defendants.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated persons as a class action pursuant to Code of Civil Procedure Section 382. The members of the Class belong to the Minimum Wages Class, Overtime Wages Class, Meal Period Class, Wage Statement Class, Restitution Class, and the Final Wages Class defined as follows:

**Minimum Wages Class:** All persons who, at any time since the date three years before the filing of the complaint, worked for Defendant as a non-exempt employee at a distribution center in the state of California.

**Overtime Wages Class:** All persons who, at any time since the date three years before the filing of the complaint, worked for Defendant as a non-exempt employee at a distribution center in the state of California, and whose terms and conditions of employment were not governed by a collective bargaining agreement.

**Meal and Rest Period Class:** All persons who, at any time since the date three years before the filing of the complaint, worked for Defendant as a non-exempt employee at a distribution center in the state of California, and worked more than 10 hours in a workday.

4
COMPLAINT

**Wage Statement Class**: All persons who, at any time since the date one year before the filing of the complaint, worked for Defendant as a non-exempt employee at a distribution center in the state of California.

**Restitution Class**: All persons who, at any time since the date four years before the filing of the complaint, worked for Defendant as a non-exempt employee at a distribution center in the state of California.

**Final Wages Class**: All persons who worked for Defendant as a non-exempt employee at a distribution center in the state of California whose employment with Defendant ended at any time since the date three years before the filing of the complaint.

12. This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well defined community of interests among many persons who comprise a readily ascertainable class:

    a. The Class members are so numerous that the individual joinder of all of them as named plaintiffs is impracticable. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 50 members in the Minimum Wages Class, not less than 50 members in the Overtime Wages Class, not less than 50 members in the Meal and Rest Period Class, not less than 50 members in the Wage Statement Class, not less than 50 members in the Restitution Class, not less than 50 members in the Final Wages Class, and not less than 50 members in the Class.

    b. Common questions of law and fact exist as to members of the Class and predominate over any questions that affect only individual members of the Class. These common questions include, but are not limited to:

    (1) Did Defendant, in violation of Labor Code Section 1197, fail to pay non-exempt distribution center employees all minimum wages owed to them?

    (2) Did Defendant, in violation of Labor Code Section 510, fail to pay non-exempt distribution center employees all overtime wages owed to them?

    (3) Did Defendant, in violation of Labor Code Section 512, fail to provide

non-exempt distribution center employees with all legally required meal periods?

(4) Did Defendant, in violation of applicable Wage Orders, fail to provide non-exempt distribution center employees with all legally required rest periods?

(5) Did Defendant, in violation of Labor Code Section 226.7, fail to pay non-exempt distribution center employees premium wages when meal periods pr rest periods were not provided?

(6) Did Defendant, in violation of Labor Code Section 226, fail to provide non-exempt distribution center employees with accurate wage statements?

(7) Did Defendant engage in unfair competition in violation of Business and Professions Code Section 17200?

(8) Did Defendant, in violation of Labor Code Section 201 or 202, fail to pay non-exempt distribution center employees upon termination all the wages earned but unpaid prior to termination?

c. Plaintiff is a member of the Minimum Wages Class, Overtime Wages Class, Meal Period Class, Wage Statement Class, Restitution Class and Final Wages Class, and the claims of Plaintiff are typical of the claims of the other class members who Plaintiff seeks to represent. Plaintiff was formerly employed by Defendant and was subjected to the same unlawful practices as other employees of Defendant. Plaintiff and other members of the Class suffered the same injuries and seek the same relief.

d. Plaintiff will adequately and fairly protect the interests of the members of the Class. Plaintiff has no interest adverse to the interests of absent class members and Plaintiff is represented by legal counsel who have substantial class action experience in civil litigation and employment law.

e. A class action is superior to other available means (if any) for fair and efficient adjudication of the claims of the Class and would be beneficial for the parties and the court. Class action treatment will allow a large number of similarly

COMPLAINT

Page 18

situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. The monetary amounts due to many individual Class members are likely to be relatively small, and the burden and expense of litigation would make it difficult or impossible for Class members to seek and obtain relief through individual lawsuits. A class action will serve an important public interest by providing Class members an effective mechanism for redress of violation of their statutory rights.

13. Plaintiff is presently unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action, but reserves the right to modify her allegations and/or the class definitions based on further investigation, discovery or legal developments.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY MINIMUM WAGES
**(By Plaintiff and the Minimum Wages Class against Defendants)**

14. Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

15. At all relevant times, Plaintiff and the other members of the Minimum Wages Class were employees of Defendants covered by Labor Code Section 1197.

16. Pursuant to Labor Code Section 1197, Plaintiff and the other members of the Minimum Wages Class were entitled to minimum wages for every hour they worked.

17. Defendants failed to pay Plaintiff and other members of the Minimum Wages Class all minimum wages owed to them for every hour they worked in accordance with Labor Code Section 1197. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants maintained the following policies and/or practices which resulted in members of the Minimum Wages Class not being compensated for all the hours they actually worked:

a) Defendants used and/or relied on an electronic system for calculating the number of

7
COMPLAINT

hours worked by members of the Minimum Wages Class;

      b)    the electronic system for calculating the number of hours worked by members of the Minimum Wages Class computed a total number of hours worked per day that was automatically rounded to an even quarter of an hour increment; and

      c)    the rounding was not even but in the aggregate resulted in a total number of hours worked for payroll purposes that was less than the total number of actual hours worked.

    18.    As a result of Defendants' unlawful conduct, Plaintiff and other members of the Minimum Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the minimum wages owed to them.

    19.    Pursuant to Labor Code Section 1194, Plaintiff and other members of the Minimum Wages Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, Plaintiff and other members of the Minimum Wages Class are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

### (By Plaintiff and the Overtime Wages Class against Defendants)

    20.    Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

    21.    At all relevant times, Plaintiff and the other members of the Overtime Wages Class were employees of Defendants covered by Labor Code Section 510.

    22.    Pursuant to Labor Code Section 510, Plaintiff and the other members of the Overtime Wages Class were entitled to overtime wages, at overtime premium rates of pay, for every hour of overtime they worked.

    23.    Defendants failed to pay Plaintiff and other members of the Overtime Wages Class all overtime wages owed to them for every hour of overtime they worked in accordance with Labor Code Section 510. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants maintained the following policies and/or practices which

8
COMPLAINT

resulted in members of the Overtime Wages Class not being compensated for all the overtime hours they actually worked:

    a)     Defendants used and/or relied on an electronic system for calculating the number of hours worked by members of the Overtime Wages Class;

    b)     the electronic system for calculating the number of hours worked by members of the Overtime Wages Class computed a total number of hours worked per day that was automatically rounded to an even quarter of an hour increment; and

    c)     the rounding was not even but in the aggregate resulted in a total number of hours worked for payroll purposes that was less than the total number of actual hours worked.

24. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Overtime Wages Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the overtime wages owed to them.

25. Pursuant to Labor Code Section 1194, Plaintiff and other members of the Overtime Wages Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE SECOND MEAL PERIODS

**(By Plaintiff and the Meal and Rest Period Class against Defendants)**

26. Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

27. At all relevant times, Plaintiff and the other members of the Meal Period Class were employees of Defendant covered by Labor Code Sections 226.7 and 512 and applicable Wage Orders.

28. Pursuant to Labor Code Section 512 and applicable Wage Orders, Plaintiff and the other members of the Meal Period Class were entitled to a second duty free meal period of at least 30 minutes every day they worked more than ten hours in a workday. Pursuant to Labor Code Section 226.7, Plaintiff and the other members of the Meal Period Class were entitled to premium wages equal to one hour of pay at their regular rate of pay for every day that Defendant failed to provide a second meal period in accordance with applicable Wage Orders.

9
COMPLAINT

29. Defendant failed to provide Plaintiff and other members of the Meal Period Class with second meal periods in accordance with Labor Code Section 510 and applicable Wage Orders and failed to pay Plaintiff and other members of the Meal Period Class premium wages in accordance with Labor Code Section 226.7 when second meal periods were not provided. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of not providing non-exempt distribution center employees with second meal periods when they worked more than ten hours in a workday and not paying them premium wages when second meal periods were not provided.

30. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Meal Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the premium wages owed to them when second meal periods were not provided.

31. Plaintiff and members of the Meal Period Class are entitled to recover reasonable attorney's fees in connection with their meal period claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE THIRD REST PERIODS

### (By Plaintiff and the Meal and Rest Period Class against Defendants)

32. Plaintiff incorporates paragraphs 1 through 13 of this complaint as if fully alleged herein.

33. At all relevant times, Plaintiff and the other members of the Meal and Rest Period Class were employees of Defendant covered by Labor Code Sections 226.7 and applicable Wage Orders.

34. Pursuant to applicable Wage Orders, Plaintiff and the other members of the Meal and Period Class were entitled to a third rest period of at least 10 minutes every day they worked more than ten hours in a workday. Pursuant to Labor Code Section 226.7, Plaintiff and the other members of the Meal and Rest Period Class were entitled to premium wages equal to one hour of pay at their regular rate of pay for every day that Defendant failed to provide a rest period in accordance with applicable Wage Orders.

35. Defendant failed to provide Plaintiff and other members of the Meal and Rest Period

10
COMPLAINT

Class with third meal periods in accordance with applicable Wage Orders and failed to pay Plaintiff and other members of the Meal and Rest Period Class premium wages in accordance with Labor Code Section 226.7 when third rest periods were not provided. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants had a policy or practice of not providing non-exempt distribution center employees with third rest periods when they worked more than ten hours in a workday and not paying them premium wages when third rest periods were not provided.

36. As a result of Defendants' unlawful conduct, Plaintiff and other members of the Meal and Rest Period Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the premium wages owed to them when third rest periods were not provided.

37. Plaintiff and members of the Meal and Rest Period Class are entitled to recover reasonable attorney's fees in connection with their rest period claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## FIFTH CAUSE OF ACTION

## UNFAIR COMPETITION

**(By Plaintiff and the Restitution Class against Defendants)**

38. Plaintiff incorporates paragraphs 1 through 37 of this complaint as if fully alleged herein.

39. The unlawful conduct of Defendants alleged herein constitutes unfair competition within the meaning of Business and Professions Code Section 17200.

40. As a result of Defendants' unfair competition, Plaintiff and other members of the Restitution Class have suffered injury in fact and lost money or property. Plaintiff and other members of the Restitution Class have been deprived of their legal rights to receive all wages owed to them and to be provided second meal periods and third rest periods and Plaintiff and other members of the Restitution Class have not been paid all the monies owed to them under the Labor Code.

41. Pursuant to Business and Professions Code Section 17203, Plaintiff and other members of the Restitution Class are entitled to restitution of all the unpaid monies and interest thereon rightfully belonging to them that Defendants failed to pay them and wrongfully retained by means of

11
COMPLAINT

the unlawful business practices alleged herein.

42. Plaintiff and the other members of the Restitution Class are entitled to recover reasonable attorney's fees in connection with their unfair competition claims pursuant to Code of Civil Procedure Section 1021.5, the substantial benefit doctrine and/or the common fund doctrine.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
### (By Plaintiff and the Wage Statement Class against Defendants)

43. Plaintiff incorporates paragraphs 1 through 37 of this complaint as if fully alleged herein.

44. At all relevant times, Plaintiff and the other members of the Wage Statement Class were employees of Defendants covered by Labor Code Section 226.

45. Pursuant to Labor Code Section 226(a), Plaintiff and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing, *inter alia*, the total amount of gross wages earned, the total amount of net wages earned, the total number of hours worked, and all hourly rates and the corresponding number of hours worked at each hourly rate.

46. Defendants failed to provide Plaintiff and other members of the Wage Statement Class accurate itemized statements in accordance with Labor Code Section 226(a). Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants maintained the following policies and/or practices which resulted in members of the Wage Statement Class not receiving accurate wage statements:

a) as a result of uneven rounding practices, Defendant did not pay non-exempt distribution center employees all the wages owed to them for hours worked; and

b) when non-exempt distribution center employees worked more than 10 hours in a workday, Defendant did not provide them with second meal periods or third rest periods and Defendant did not pay them premium wages for not providing a second meal period or a third rest period.

47. Defendants' failure to provide Plaintiff and other members of the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide

12
COMPLAINT

Plaintiff and other members of the Wage Statement Class with accurate wage statements but intentionally provided wage statements that Defendants knew did not comply with all the requirements of Labor Code Section 226. Defendants intended and knew that, during the limitations period applicable to this cause of action, Defendants maintained the following policies and/or practices which resulted in members of the Wage Statement Class not receiving accurate wage statements:

  a)   as a result of uneven rounding practices, Defendant did not pay non-exempt distribution center employees all the wages owed to them for hours worked; and

  b)   when non-exempt distribution center employees worked more than 10 hours in a workday, Defendant did not provide them with second meal periods or third rest periods and Defendant did not pay them premium wages for not providing a second meal period or a third rest period.

48.   As a result of Defendants' conduct, Plaintiff and other members of the Wage Statement Class have suffered injury. From the wage statements provided to them alone, Plaintiff and other members of the Wage Statement class could not promptly and easily determine the total amount of gross wages actually earned during the pay period, the total amount of net wages actually earned during the pay period, the total number of hours actually worked during the pay period, and/or all the hourly rates and the corresponding number of hours worked at each hourly rate during the pay period.

49.   Pursuant to Labor Code Section 226(e), Plaintiff and other members of the Wage Statement Class are entitled to recover fifty dollars for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars for each violation of Labor Code Section 226 in every subsequent pay period, not to an exceed an aggregate civil penalty of four thousand dollars per employee.

50.   Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff and other members of the Wage Statement Class are entitled to recover the full amount of civil penalties due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

### SEVENTH CAUSE OF ACTION
### FAILURE TO PAY ALL WAGES OWED UPON TERMINATION
#### (By Plaintiff and the Final Wages Class against Defendants)

51.   Plaintiff incorporates paragraphs 1 through 37 of this complaint as if fully alleged

13
COMPLAINT

herein.

52. At all relevant times, Plaintiff and the other members of the Final Wages Class were employees of Defendants covered by Labor Code Sections 201 or 202.

53. Pursuant to Labor Code Sections 201 or 202, Plaintiff and the other members of the Final Wages Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

54. Defendants failed to pay Plaintiff and other members of the Final Wages Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 201 or 202. Plaintiff is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendants maintained the following policies and/or practices which resulted in members of the Final Wages Class not receiving all the wages owed to them upon termination:

a) as a result of uneven rounding practices, Defendant did not pay non-exempt distribution center employees all the wages owed to them for hours worked; and

b) when non-exempt distribution center employees worked more than 10 hours in a workday, Defendant did not provide them with second meal periods or third rest periods and Defendant did not pay them premium wages for not providing a second meal period or a third rest period.

57. Defendants' failure to pay Plaintiff and other members of the Final Wages Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendants had the ability to pay all wages earned by non-exempt employees prior to termination but intentionally adopted policies or practices incompatible with the requirements of Labor Code. When Defendants failed to pay upon termination all wages earned by non-exempt employees prior to termination, Defendants knew what they were doing and intended to do what they did. Defendants intended and knew that, during the limitations period applicable to this cause of action, they maintained the following policies and/or practices which resulted in members of the Final Wages Class

14
COMPLAINT

not receiving all the wages owed to them upon termination:

    a)    as a result of uneven rounding practices, Defendant did not pay non-exempt distribution center employees all the wages owed to them for hours worked; and

    b)    when non-exempt distribution center employees worked more than 10 hours in a workday, Defendant did not provide them with second meal periods or third rest periods and Defendant did not pay them premium wages for not providing a second meal period or a third rest period.

58. Pursuant to Labor Code Section 203, Plaintiff and other members of the Final Wages Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of thirty days.

59. As a result of Defendants' conduct, Plaintiff and the other members of the Final Wages Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination in violation of Labor Code Section 201 or 202.

60. As a result of Defendants' conduct, Plaintiff and the other members of the Final Wages Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all penalty wages owed to them under Labor Code Section 203.

61. Pursuant to Labor Code Sections 218 and 218.5, Plaintiff and other members of the Final Wages Class are entitled to recover the full amount of their unpaid wages, unpaid penalty wages, reasonable attorney's fees and costs of suit. Plaintiff and other members of the Final Wages Class are entitled to recover pre-judgment interest on all due wages and penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

## PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and all others similarly situated, Plaintiff prays for judgment against Defendants as follows:

    A.    An order certifying this case as a class action.

    B.    An order appointing Plaintiff as representative for the Class.

    C.    An order appointing Plaintiff's counsel as counsel for the Class.

    D.    Damages for unpaid minimum wages under Labor Code Section 1194.

    E.    Liquidated damages under Labor Code Section 1194.2.

15
COMPLAINT

F. Damages for unpaid overtime wages under Labor Code Section 1194.

G. Damages for unpaid premium wages under Labor Code Section 226.7.

H. Civil penalties under Labor Code 226(e).

I. Restitution under Business and Professions Code Section 17203.

J. Statutory penalties under Labor Code Section 203.

K. Pre-judgment interest at the maximum legal rate.

L. Reasonable attorney's fees.

M. Costs of suit.

N. Such other relief as the Court may deem just and proper.

Dated: March 31, 2017

KARASIK LAW FIRM
DAVTYAN PROFESSIONAL LAW CORPORATION

By _____
Gregory N. Karasik
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for himself and the class on all claims so triable.

Dated: March 31, 2017

KARASIK LAW FIRM
DAVTYAN PROFESSIONAL LAW CORPORATION

By _____
Gregory N. Karasik
Attorneys for Plaintiff

16
COMPLAINT